## SUPREME COURT.

### PEOPLE *ex rel.* ATKINS & POWELL, agt. VAN LEUVEN & SNYDER, Trustees, &c.

This court have the power to expunge clearly immaterial matter from a return to an alternative mandamus.

A relator may demur or plead to all or any of the *material* facts contained in the return; but if it be encumbered with matter clearly immaterial, it may, on motion, be stricken out.

In proceedings, by school district officers, to compel the taxable inhabitants of the district to pay certain expenses, in pursuance of an order of the Board of Supervisors of the county, (*Laws of* 1847, *ch.* 172 ; *Laws of* 1849, *ch.* 388,) *held*, on a return by the trustees, to an alternative mandamus requiring them to levy and collect the tax, &c., that if the Board of Supervisors acquired jurisdiction under the statute, the power was with them to adjudge as *to the nature and amount of the claim, and whether it was of the character provided for by the law.* Having jurisdiction, their judgment upon these points would be conclusive upon the parties.

Therefore, that part of the return which related to the nature of the claim of the relators, was ordered to be *stricken out*, as immaterial.

(*Mr. Justice* WRIGHT *approves the construction of the sections of this statute as given in the case of Gale agt. Trustees, in Busti and Harmony, ante page* 125.)

*Albany Special Term, September*, 1853. Motion to strike out, as irrelevant and immaterial, certain parts of the return of the defendants to an alternative mandamus issued on the relation of Atkins and Powell.

On the 1st April, 1853, an alternative mandamus was issued on the relation of Atkins and Powell, directed to the defendants, two of the trustees of School District No. 16, in the town of Westerlo. The writ recites that Atkins and Powell are entitled to the sum of $36,88, to be collected from the taxable inhabitants of School District No. 16, in the town of Westerlo, in pursuance of the order of the Board of Supervisors of Albany county, dated December 20, 1851, and that the defendants have refused to join with, or assist Atkins, one of the trustees of the district, in issuing the proper warrant to the collector of the said district for the collection thereof. The writ commands them to join with or duly assist Atkins in issuing the warrant, or show cause to the contrary, in the Supreme Court, on the last Tuesday of April, 1853.

To this writ the defendants made return, parts of which the relators now move to strike out as immaterial.

The parts alleged to be immaterial are, 1st. All the matter contained in the 1st, 2d, 3d, 4th, 5th, 6th, 7th, and 8th folios of the return, relating to the manner in which the claim of the relators arose, and a history of such claim and its nature and character prior to its being presented for the action of the Board of Supervisors. 2d. The matter contained in parts of folios 15, 16 and 17 of the return, purporting to give a history of the proceedings of a meeting held in the school district on the 20th January, 1853.

J. M. Harris & F. K. Terry, *for Relators.*

T. Smith & O. H. Chittenden, *for Defendants.*

Wright, Justice.—In 1847, a law was passed providing a mode for indemnification of school district officers against costs and expenses incurred in consequence of acts performed by them in their official capacity. The first section of the law was amended in 1849. (*Laws of* 1847, *chap.* 172; *Laws of* 1849, *chap.* 388.) The law as it now stands upon the statute book, is not particularly clear in its terms; and in construing some of its provisions, two, at least, of the judges of this court have already differed. (6 *Howard,* 332; 8 *Howard,* 125.) I agree

People *ex rel.* Atkins & Powell, agt. Van Leuven & Snyder, Trustees, &c.

with Mr. Justice TAGGART, *in Gale agt. Trustees of School District No.* 13, *in Busti and Harmony,* (8 *Howard,* 125,) that to give consistency to the sections of the act, the words "*in the manner hereinafter described,*" in the first section as amended, should be rejected as surplusage. Two classes of cases will then be provided for, and two distinct modes of obtaining indemnity. The one class where the district is morally bound, and is willing to indemnify its officers against losses sustained by them; the other, when the district ought to pay, but will not except upon compulsion. In the first class, where a majority of the taxable inhabitants shall determine to pay, it is made the duty of the trustees to ascertain "the actual amount of all costs, charges and expenses paid by such officer, and to cause the same to be assessed upon, and collected of the taxable inhabitants of said district in the same manner as other taxes of said district are assessed and collected, and when so collected to pay the same to the officer, by virtue of the act entitled to receive the same." In the second class, whenever a trustee or other officer of a school district shall have paid any costs, charges or expenses, as mentioned in the first section; and shall make out an account of such charges, costs and expenses so paid by him, giving the items thereof, and verifying the same by his oath or affirmation; and shall serve a copy of such account so sworn to, upon the trustees of the district against which such claim shall be made, together with a notice in writing, that on a certain day therein specified, he will present such account to the board of supervisors of the county in which such school district shall be situated, for settlement at some legal meeting of such board; and if upon the appearance of the parties, or upon the proof of service of the notice and copy of the account, the board shall be of opinion that such account, or any portion thereof, ought justly to be paid to the complainant, and shall by an order to be made by a majority of all the members elected to the same, and entered on its minutes, require such account, or such part thereof as such board shall be of opinion ought justly to be paid to the claimant, by such district to be repaid; it shall be the duty of the

trustees of the school district, within thirty days after the service of a copy of such order upon them, to cause the same to be entered at length in the book of records of the district, and to issue, to the collector of the district, a warrant for the collection of the amount so directed to be paid, in the same manner, and with the like force and effect as upon a tax voted by the district. The account, with the oath of the party claiming the same, is made *prima facie* evidence of the correctness thereof; and it is provided that no portion of such account shall be ordered to be paid which shall appear to the board to have arisen from the wilful neglect or misconduct of the claimant.

The case attempted to be made by the relators, and on which they must rely for eventual success, if they are to succeed at all, falls clearly within the latter class contemplated by the statute. They seek to compel the district to pay. It is not pretended that it is the duty of the trustees to levy the tax, because a majority of the taxable inhabitants of the district have signified their willingness to pay; but because the amount has been ordered to be paid by the Board of Supervisors of the county of Albany, that board having jurisdiction, and legally adjudicated as to the nature, character, and amount of the claim.

If the board of supervisors acquired jurisdiction under the statute, the power was with them to adjudge as to the nature and amount of the claim, and whether it was of the character provided for by the law. Having jurisdiction their judgment, upon these points, would be conclusive upon the parties. If they acted without jurisdiction, the relators would take nothing by their action. It is not, or cannot be pretended, under these proceedings, that a peremptory mandamus can ever issue, unless it shall be shown that the board of supervisors had jurisdiction to pass upon the claim of the relators, and that the steps required by the statute were substantially pursued. All that part of the return, therefore, which relates to the nature of the claim of the relators, and which appears to be set up with the view of showing misconduct on their part, is clearly immaterial. That is a point which the board of supervisors

were empowered to pass upon, provided jurisdiction had been acquired. Being immaterial the records or return should not be encumbered with it, or the relators called upon to demur to, or take issue on immaterial facts. The matter must be stricken out of the return.

So also, that part of the return is immaterial which purports to give a history of a district meeting called by the trustees, on the 20th January, 1853, at which the claim of the relators was passed upon and refused to be allowed by the district. It was not seriously contended, on the argument of the motion by the counsel for the defendants, that there was any materiality in the statement. Admitting it all to be true, it cannot effect, in the remotest degree, the legal rights of the parties to this controversy. It ought not, therefore, to encumber the return.

I entertain no doubt of the power of this court to expunge clearly immaterial matter from a return to an alternative mandamus. A relator may demur or plead to all or any of the *material* facts contained in the return; but if it be encumbered with matter clearly immaterial, I think it may, on motion, be stricken out.

Whether this case shall hereafter come before the court, on a demurrer to the return of the defendants, or in any other form, in deciding this motion, I desire to be considered as intimating no opinion, on the question of jurisdiction in the board of supervisors, or if such jurisdiction were acquired, whether the necessary steps were taken to fix the duty upon the trustees to issue to the collector a warrant for the collection of the alleged claim of the relators.

Let an order be entered to strike out of the return, all the matter contained therein, from and after the word "*follows*," in the 17th line of the first folio, down to, and including the word "judgment," in the 6th line of the 7th folio; also, to strike out the word "further," in the 7th line of the 7th folio. Also to strike out all from and after the word "proceedings," in the 13th line of the 15th folio, down to and including the words "*so to do*," in the 3d line of the 17th folio.